UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| YES LIGHTING, LLC, | ) |
|       *Plaintiff*, | ) |
| v. | ) Cause No. 1:19-cv-03982-RLM-MJD |
| PSG ENERGY GROUP, LLC | ) |
|       *Defendant*. | ) |

OPINION AND ORDER

Principals of PSG Energy Group, LLC and Yes Lighting, LLC met in Chicago, Illinois in early 2018 to discuss work on a contract PSG hoped to win for the construction of municipal solar power generating facilities in Connersville, Indiana. PSG Energy won the contract as general contractor, but Yes Lighting didn't get the subcontract for installing LED lighting on city buildings, as it had hoped. Yes Lighting sues PSG Energy for breach of contract, unjust enrichment, intentional misrepresentation, negligent misrepresentation, and fraudulent inducement. The court's jurisdiction is based on the parties' diverse citizenship. 28 U.S.C. § 1332.

Yes Lighting has moved for partial summary judgment on its claims for breach of contract and unjust enrichment. PSG Energy has moved to dismiss the other three claims in the second amended complaint for failure to state a claim with particularity and also moved for summary judgment on all claims. No

reasonable trier of fact could decide for Yes Lighting on any of its claims on this record, so the court grants PSG Energy's summary judgment motion.

Viewing the summary judgment record as favorably as reasonably possible to Yes Lighting, these are the facts that gave rise to this suit. PSG Energy Chief Executive Officer Jamison Krynski first met Yes Lighting managing member Jody Cloud in March 2018; they generally discussed the sorts of work Yes Lighting performs, but didn't talk about any specific project. The two men met again May 2018 and discussed the possibility of Yes Lighting implementing the LED lighting component of the Connersville Project. PSG Energy hadn't been awarded the general contract for the project at that point, but Mr. Krynski gave Mr. Cloud a quote for the work that PSG Energy had received from Flex Green Energy. The men discussed Yes Lighting providing a price for LED lighting component fifteen to twenty percent below the Flex Green audit. No more specific price was quoted at that point. Mr. Cloud believed he and Mr. Krynski had formed a contract for Yes Lighting to perform the LED lighting work, and didn't understand that Yes Lighting would need to bid on the subcontract.

PSG Energy terminated Mr. Krynski as CEO in the summer of 2018.

Yes Lighting's Mr. Cloud traveled to Indiana to inspect the work sites in late August. PSG Energy hadn't asked him to make the trip, and he didn't expect PSG Energy to reimburse his expenses in the travel. After Mr. Cloud returned to Florida, he and PSG Energy confirmed that Yes Lighting would submit a bid, and that Yes Lighting would need to become authorized to do business in Indiana to qualify for the subcontract.

Yes Lighting presented PSG Energy with its price for the work on September 10. As late as September 2018, PSG Energy identified Yes Lighting as its preferred lighting contractor for the Connersville product. PSG Energy asked Yes Lighting to submit a revised bid if it wanted to be considered because PSG Energy thought the Yes Lighting bid was suspiciously similar to the Flex Green bid. Yes Lighting hadn't done what it needed to do to work as a subcontractor in Indiana, and proposed to work under PSG Energy's name. PSG Energy awarded the LED lighting subcontract to Flex Green in October, five days after Yes Lighting submitted its finalized spreadsheet. PSG Energy had collected three bids from potential subcontractors for the work.

A summary judgment motion is grounded on the premise that no trial is needed to sort out the facts: that enough facts are undisputed that the outcome is foreordained. Summary judgment is appropriate when the pleadings, discovery materials, disclosures, and affidavits demonstrate no genuine issue of material fact, and that the movant is entitled to judgment as a matter of law. Protective Life Ins. Co. v. Hansen, 632 F.3d 388, 391-392 (7th Cir. 2011). The court construes the evidence and all inferences that reasonably can be drawn from the evidence in the light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). A moving party bears the burden of informing the court of the basis for its motion, and presenting evidence demonstrating the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the motion's opponent would bear the burden of proof at trial, the opponent can't rest upon the allegations in the

pleadings, but must "point to evidence that can be put in admissible form at trial, and that, if believed by the fact-finder, could support judgment in his favor." Marr v. Bank of America, N,A., 662 F.3d 963, 966 (7th Cir. 2011).

Two preliminary issues require comment before turning to the claims in the second amended complaint. First, the parties disagree as to whether Indiana or Florida provides the rule of decision in this diversity case, but neither side contends there are any meaningful difference between the applicable laws of Indiana or Florida. Accordingly, the court applies Indiana law in today's ruling, and does so with the understanding that applying Florida law would produce the same result. See American Alternative Ins. Corp. v. Metro Paramedic Svcs., Inc., 829 F.3d 509, 513 (7th Cir. 2016) ("In diversity cases where neither party raises a conflict of law issue, federal courts apply the law of the state in which they sit.").

Second, after giving a deposition under Rule 30(b)(6) on behalf of Yes Lighting, Mr. Cloud signed an affidavit that Yes Lighting submitted as part of its summary judgment materials. With respect to a few significant matters, Mr. Cloud's affidavit differs from his deposition without a sufficient explanation for the difference. Under those circumstances, courts must disregard the later-filed affidavit to the extent it conflicts in a material way with the affiant's earlier deposition. Abraham v. Washington Group Int'l, Inc., 766 F.3d 735, 741 (7th Cir. 2014) ("a deponent may not use an affidavit sworn to after a deposition to contradict deposition testimony without giving a credible explanation for the discrepancies.").

No reasonable trier of fact presented with the evidence in the summary judgment record could find that Yes Lighting had proven any of its claims.

Yes Lighting's breach of contract claim founders on the most basic requirement: PSG Energy and Yes Lighting never agreed on the price PSG Energy would pay for the work. To prevail on its claim for breach of an oral contract, Yes Lighting must prove: 1) a meeting of the minds as to the contract's essential terms; 2) a joint intent to be bound by an oral (not written) contract; 3) Mr. Krynski's apparent authority to bind PSG Energy to an oral contract; 4) Yes Lighting's capability of performing the oral contract's terms; and 5) PSG Energy's breach of the contract. Foster v. United Home Improvement Comp., Inc., 428 N.E.2d 1351 (Ind. Ct. App. 1982). Price is an essential term of a contract. See Wolvos v. Meyer, 688 N.E.2d 671, 678 (Ind. 1996).

PSG Energy and Yes Lighting never agreed on what PSG Energy was to pay. The best that can be said from this record is that Mr. Krynski and Mr. Cloud agreed that Yes Lighting would do the work described in the Flex Green Energy quote for fifteen to twenty percent less than Flex Green Energy had bid. Fifteen percent below Flex Green's bid would have been $214,200, while a twenty percent underbid would have been $201,600 – leaving a $12,600 variance apparently at Yes Lighting's option. Yes Lighting presents no authority that a "price" that could range as much as $12,600 can support an oral contract under either Indiana or Florida law.

PSG Energy is entitled to judgment as a matter of law on Yes Lighting's oral contract claim.

Yes Lighting's second claim asserts that its efforts to prepare its formal bid for the LED lighting work unjustly enriched PSG Energy. "To recover for unjust enrichment, the plaintiff must show that (1) he rendered a measurable benefit to the defendant at the defendant's express or implied request; (2) he expected payment from the defendant; and (3) allowing the defendant to retain the benefit without restitution would be unjust. Neibert v. Perdomo, 54 N.E.3d 1046, 1051 (Ind. Ct. App. 2016); accord, Agritrage, LP v. Quercia, 253 So.3d 28, 33 (Fla. Ct. App. 2017). Yes Lighting travelled to Connersville, employed its expertise in LED lighting, improved on what Flex Green had proposed to do, and assembled the inventory that would be needed to perform the work.

But no reasonable trier of fact could find from this summary judgment record that PSG Energy benefitted from Yes Lighting's expenditure of its time and money. Yes Lighting wasn't chosen as the LED lighting subcontractor. Yes Lighting's investigation and evaluation of the job doubtlessly enabled it to make a better bid, but a prospective subcontractor's submission of a bid doesn't unjustly enrich the contractor that receives the bid. Under the circumstances set forth in this record, even when the record is viewed as favorably to Yes Lighting as reason allows, PSG Energy received nothing from Yes Lighting for which equity demands payment.

PSG Energy is entitled to judgment as a matter of law on Yes Lighting's unjust enrichment claim.

Counts 3-5 of the second amended complaint allege, respectively, intentional misrepresentation, negligent misrepresentation, and fraud in the

inducement. PSG Energy moved to dismiss those claims for failure to plead fraud with specificity, as required by Fed. R. Civ. P. 9(b). Between the case reassignment and challenges posed by the pandemic, the court didn't rule on the motion to dismiss before the parties reached the summary judgment stage. PSG Energy now seeks summary judgment on, as well as dismissal of, the fraud-based claims. The court begins – and, as it turns out, finishes – with the summary judgment motion.

Mr. Cloud, testifying as Yes Lighting's corporate representative under Fed. R. Civ. P. 30(b)(6), said he had no reason to believe that any statements PSG Energy made during the subcontractor selector process were untrue. Yes Lighting says that there were things that PSG Energy fraudulently omitted, such as that Yes Lighting would have to bit for the LED lighting subcontract. But the second amended complaint doesn't allege negligent or fraudulent omissions; it alleges misrepresentations. Rule 9(b)'s particularity requirement exists not only so a defendant will know the precise statements the plaintiff says are liable and to encourage a plaintiff to do more than the usual investigation before filing suit, see Camasta v. Jos. A. Bank Clothiers, Inc., 761 F.3d 732, 737 (7th Cir. 2014); it also defines, with particularity, the statements or omissions the plaintiff must prove as part of the claim. See United States v. Sanford-Brown, 788 F.3d 696, 703 (7th Cir. 2015), *reinstated in pertinent part on remand*, 840 F.3d 445 (7th 2016). No reasonable juror could find from the summary judgment record that Yes Lighting proved that any of the statements alleged (with or without particularity) in counts 3-5 were false.

PSG Energy is entitled to judgment as a matter of law on counts 3-5. Because the court needn't reach the motion to dismiss, the court denies the dismissal motion as moot.

For the foregoing reasons, the court GRANTS the defendant's cross-motion for summary judgment [Doc. 112], DENIES the plaintiff's motion for partial summary judgment [Doc. 106], and DENIES AS MOOT the defendant's motion to dismiss counts 3-5 of the second amended complaint [Doc. 79]. The clerk shall enter judgment accordingly.

SO ORDERED.

ENTERED:  August 28, 2020

    /s/ Robert L. Miller, Jr.
Judge, United States District Court

Distribution:

Kir-Sheng Chen
Ice Legal
1015 N State Road 7
Suite D
Royal Palm Beach, FL 33411

John Anthony Chiocca
Cole, Scott & Kissane, P.A
9150 South Dadeland Boulevard
Suite 1400
Miami, FL 33156

Hamish S. Cohen
MATTINGLY BURKE COHEN & BIEDERMAN LLP
hamish.cohen@mbcbl

Jaclyn Michelle Flint
RILEY BENNETT EGLOFF LLP
jflint@rbelaw.com

Martin G. McCarthy
MCCARTHY & YERSEL, PLLC
mccarthy@myattorneyservices.com

Kevin Nicholas Tharp
RILEY BENNETT EGLOFF LLP
ktharp@rbelaw.com